UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTES

REPORT AND RECOMMENDATION OF SPECIAL MASTER

---------------------------------------------------------------- x

1:24-MC-03415-BMC-JAM

IN RE MDL 1720 DAMAGES CLASS SETTLEMENT DISPUTE CONFLICT ID NUMBERS:

107704 (CITY WINERY INTERNATIONAL LLC).

1:26-MC-03893-BMC-JAM

---------------------------------------------------------------- x

**Parties and Representatives**:

Jason Blatt
Class Action Financial Settlements ("CAFS")
41 University Drive, Suite 400
Newtown, PA 18940
(917) 583-6840
jblatt@classactionfinance.com
Representative of CAFS

Larry Meltzer
J.E. Lawrence & Co. ("JEL")
305 Laurel Falls Dr.
Apollo Beach, FL 33573
(201) 978-7691
larry@jelcrs.com
Representative of JEL

Rule 23(b)(3) Class Plaintiffs (the "Class")
Alexandra S. Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
xanb@rgrdlaw.com
Class Counsel

I. Background

CAFS and JEL have both registered with the Class Administrator to claim a share of the proceeds of the settlement fund in *In re Payment Card Interchange Fee Merchant Discount Antitrust Litigation*, Dkt. no. 05-MD-1720 (E.D.N.Y.) ("*MDL 1720*") arising out of the payment card transactions of City Winery International LLC (CWI) (Taxpayer Identification Number ending in 4994).[1] Both registrants are TPFs that entered into a claim filing agreement with CWI.[2] CAFS entered into an agreement with CWI in 2019, with CFO Angela Alvino signing on CWI's behalf. JEL entered into its agreement with CWI in 2023, with CEO Michael Dorf signing on CWI's behalf. After being notified of the conflict, CWI explicitly designated JEL as its claim filing agent. I therefore respectfully recommend that the Court direct the Class Administrator to withdraw CAFS's registration and process JEL's.

The record before me includes the following documents:

- Agreement for claim filing services dated May 21, 2019, between CAFS and CWI ("2019 Agreement");
- Client Agreement dated January 6, 2023, between JEL and CWI;

[1] Before submitting a claim to receive the settlement proceeds corresponding to the payment card transactions of a merchant member of the Rule 23(b)(3) Settlement Class (the "Class"), a party must first register that merchant's TIN with the Class Administrator. The registrant must provide proof that it is the owner (or authorized representative of the owner) of the claim corresponding to that merchant TIN. In the absence of supporting documentation, this requirement can also be satisfied by providing the Claimant ID and Control Number printed on the original prepopulated claim forms that were mailed to known class members. Once the registrant establishes such authority, the Class Administrator updates the registrant's status to "approved." If there is only one approved registrant for a given TIN, the registrant may submit a claim for that TIN. In cases where multiple parties have registered the same TIN, the Class Administrator designates the TIN as being in "conflict" and does not permit any registrant to submit a claim until the conflict is resolved.

[2] A TPF is a business that enters into agreements with merchants to register and prosecute their claims of settlement funds in exchange for a portion of the merchants' recovery. *See MDL 1720*, 2014 WL 4966072, at *4 (E.D.N.Y. Oct. 3, 2014) (describing "the business of third-party claims filing companies").

- Emails dated May 21, 2019-April 8, 2024, among CAFS, JEL, CWI, and the Class Administrator, with handwritten annotations;
- Class Administrator's notice to parties sent on March 8, 2024;
- Email dated April 7, 2024, from CAFS to Class Administrator;
- Email dated April 8, 2024, from CAFS to Class Administrator, providing supporting documentation;
- Class Administrator's notice to parties dated February 10, 2025;
- Email dated March 5, 2025, from CAFS to Class Administrator and Special Master;
- Class Administrator's notice to parties dated December 12, 2025;
- Emails dated December 12, 2025-January 6, 2026, between CAFS and the Class Administrator;
- Letter dated January 11, 2026, from CAFS to Special Master;
- Email dated January 16, 2026, from Class Administrator to CAFS; and
- Letter dated January 16, 2026, from CAFS to Special Master.

II. Analysis

It is blackletter law that a principal generally has the power to revoke an agent's authority, regardless of the existence of any contract between the two under which that revocation may constitute a breach. *See*, *e.g.*, *United Ins. Co. v. World Wide Web*, 2011 WL 1870599, at *2-3 (E.D.N.Y. Apr. 27, 2011) ("a principal has an inviolate right to revoke its agency at any time[;]" if "in doing so, the principal violates its obligations to the agent under their contract, the agent retains the legal recourse of bringing a breach of contract claim") (citing cases), *report and recommendation adopted* 2011 WL 1843280 (E.D.N.Y. May 16, 2011); Restatement (Third) Of Agency § 3.06 (2006).[3] CWI therefore has the authority to choose an

[3] The general rule does not apply when the authority granted to the agent is a "power given as a security." *See*, *e.g.*, *Gov't Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 95 F.3d 291, 300 (3d Cir. 1996). However, a third-party filer's agreement to file a claim on behalf of a

agent to register its *MDL 1720* claim with the Class Administrator or to do so itself. Regardless of any contractual rights CAFS may have as a result of its prior agreement with CWI, it has no power to override CWI's choice of agent. I therefore respectfully recommend that the Court permit JEL, and not CAFS, to register CWI's TIN.

I do not discount the possibility that CAFS may have some enforceable right to relief against CWI arising out of the 2019 Agreement. But CAFS must assert any such claim against CWI rather than as a direct claim for a portion of the settlement fund. CAFS has not mentioned the possibility of any such lawsuit, and I do not address its merits here. Further, I would recommend against adjudicating any such claim within the *MDL 1720* litigation. As this Court has already held, such ancillary claims "do not fall under this Court's retained settlement jurisdiction" but must instead be litigated "in independent lawsuits, outside of MDL 1720." *MDL 1720 Disputes*, 2026 WL 2389790, at *1 (E.D.N.Y. Aug. 17, 2026).

III. Recommendation

For the reasons set forth above, I respectfully recommend that the Court direct the Class Administrator to withdraw CAFS's registration and process JEL's.

IV. Objections

This Report and Recommendation will be served on CAFS and JEL via the Court's ECF system, and the Class Administrator will also promptly provide a copy to both. Any interested party shall have 21 days from today's date to file objections to the Special Master's report and

---

merchant in exchange for a portion of the merchant's recovery does not create a power given as a security; it creates no more than a revocable agency relationship. *See* Restatement (Third) Of Agency § 3.12, illus. 4 (2006) ("P develops a mechanical invention and engages A to patent the invention…. P authorizes A to file patent documents on P's behalf…. P agrees … to pay A half of P's profits. Even if A's authority is stated to be irrevocable, A does not hold a power given as security.")

recommendation with the Court. Such objections should be filed only on the dispute-specific miscellaneous docket (1:26-MC-03893-BMC-JAM). Any responses to objections may be filed within 21 days thereafter. No replies regarding objections shall be filed without the Court's permission. If any party objects to this Report and Recommendation, the evidence considered by the Special Master in making or recommending any findings of fact shall be filed on the dispute-specific miscellaneous docket. Such evidence may be filed under seal to protect confidentiality and the identities of claimants, as appropriate. The Court shall review the Special Master's reports and recommendations *de novo*. *See* Revised Order Appointing Special Master, 1:24-MC-03415-BMC-JAM, Doc. 3, ¶ 4.

Dated: September 28, 2026

*/s/ James Orenstein*
Special Master